IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOHNNY SPENCER; DONNIE HALL; )
MICHAEL CHAMBERS; and )
ERIC WOODS, individually and )
on behalf of all others )
similarly situated, )
)
    Plaintiffs, )
)
v. )  Case No. CIV-12-116-KEW
)
VATTEROTT EDUCATIONAL )
CENTERS, INC., a foreign for )
profit business corporation; )
and STEPHANIE SANDERS, )
an individual, )
)
    Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant Vatterott Educational Centers, Inc.'s Motion to Dismiss (Docket Entry #9) and the Motion to Dismiss filed by Defendant Stephanie Sanders (Docket Entry #28). Plaintiffs[1] initiated this action on September 30, 2011 in the District Court in and for Wagoner County, Oklahoma whereupon it was removed to this Court on March 13, 2012.

Plaintiffs allege in this proposed class action that Defendant Vatterott Educational Centers, Inc. ("Vatterott") operates a for-profit trade and technical school with a campus located in Tulsa, Oklahoma. Plaintiffs were students at the campus between 2009 and the summer of 2011, enrolled in the programs for Electrical Mechanic Diploma, Heating, Air Conditioning and Refrigeration

---

[1] By the Stipulation of Dismissal entered February 17, 2013, Plaintiffs Donnie Hall and Eric Woods dismissed their claims against Defendants without prejudice to refiling.

Mechanic Diploma, Associate of Occupational Studies-Electrical Technology and Associate of Occupational Studies-Heating, Air Conditioning and Refrigeration Technology.

Plaintiffs allege they were advised that these programs could be attended in either day or night classes. Plaintiffs also state that they were advised by both Defendant Stephanie Sanders ("Sanders") and other representatives of Vatterott that the industries for which training was being offered were "felony friendly" - that is, prior felony convictions would not hinder Plaintiffs' ability to become employed after graduation from the program.

Plaintiffs contend instructors would show up for class several hours after it was scheduled to begin or would cancel the classes altogether and that the missed classes were not rescheduled. Plaintiffs claim that as a result of these missed classes, they did not receive the full amount of contracted for educational instruction. Therefore, they could not complete the program with the knowledge expected and required of workers in their chosen trade in order to secure employment.

Additionally, Plaintiffs assert in this action that the night class program was terminated. This, they allege, prevented some putative class members from completing the hours required to complete the program.

As class representatives, Plaintiffs seek certification of two

separate classes, identified as follows:

> <u>First Class</u>: All citizens of the State of Oklahoma enrolled at the Tulsa campus of Defendant Vatterott in the Electrical Mechanic Diploma, Heating, Air Conditioning and Refrigeration Mechanic Diploma, Associate of Occupational Studies-Electrical Technology and Associate of Occupational Studies-Heating, Air Conditioning and Refrigeration Technology programs from July 2006 until July 2011.
>
> <u>Second Class</u>: All citizens of the State of Oklahoma who are and/or were enrolled at any time at the Tulsa campus of Defendant Vatterott, subsequent to being convicted of a criminal felony, in the Electrical Mechanic Diploma, Heating, Air Conditioning and Refrigeration Mechanic Diploma, Associate of Occupational Studies-Electrical Technology and Associate of Occupational Studies-Heating, Air Conditioning and Refrigeration Technology programs, who were informed prior to enrollment that said programs were "felony friendly" and that the fact said enrollees had a prior felony conviction(s) would not impact said enrollees (sic) potential of obtaining employment.

Plaintiffs state their first cause of action as Fraud, as to both Sanders and Vatterott. In this regard, Plaintiff assert Defendants made representations that the programs were "felony friendly" and that prior criminal convictions would not impair their ability to obtain employment in their chosen field. Plaintiffs contend they relied upon these statements to their detriment when Defendants knew the representations were false.

Plaintiffs' second stated claim is for Breach of Contract, as against Vatterott only. Plaintiffs contend Vatterott "agreed to provide certain education, training and instruction in the fields set forth herein and agreed to adequately prepare Plaintiffs and all potential class members for employment positions in said fields and actually place Plaintiffs and potential class members in their

3

first position of employment in said fields upon completion of the respective program."

In compensation for these claims as alleged, Plaintiffs seek both actual and punitive damages.

Through the pending Motions, Vatterott alleges Plaintiffs have failed to plead the required factual allegations to establish the necessary elements to a breach of contract action as required by Fed. R. Civ. P. 8(a). It also contends the breach of contract claim is barred by the educational malpractice doctrine. Vatterott seeks the dismissal of the breach of contract claim under the authority of Fed. R. Civ. P. 12(b)(6). Both Defendants also assert that Plaintiffs have not pled their claim for fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b).

Vatterott first contends Plaintiffs' claims fail to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. It is against this backdrop that the sufficiency of

Plaintiffs' original Petition is evaluated.

Vatterott contends Plaintiffs' breach of contract claim fails because the Petition does not (1) set forth the terms of the contract; (2) the form of the contract; (3) the consideration given in exchange for performance; and (4) facts sufficient to establish whether Plaintiffs completed their obligations under the contract. Oklahoma law which governs this action based, in part, in diversity, requires three elements for breach of contract: (1) the formation of a contract; (2) a breach thereof; and (3) actual damages suffered from that breach. Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001).

While Plaintiffs refer in the Petition to an "agreement," they do not set forth the nature of the agreement or how it is manifested. In their response to the Motion, Plaintiffs state that the "agreement" arises from an enrollment contract. Indeed, it has generally been found that is held generally "in the United States that the 'basic legal relation between a student and a private university or college is contractual in nature. The catalogues, bulletins, circulars, and regulations of the institution made available to the matriculant become a part of the contract.'" Ross v. Creighton University, 957 F.2d 410, 416 (7th Cir. 1992) quoting Zumbrun v. University of Southern California, 101 Cal.Rptr. 499, 504 (1972). Unfortunately, this representation is not contained within the Petition. On the second element, Plaintiffs adequately

set forth how they allege Vatterott breached any such "agreement." They have also alleged with sufficient clarity the facts upon which they assert actual damages. Certainly, the Petition meets the plausibility standard under Twombly and Iqbal. However, Plaintiffs will be required to amend to set forth sufficient facts to establish the formation of a contract.

More troubling is the legal sufficiency of the contract claim under the educational malpractice doctrine. The recognition of this doctrine is a matter of state law. Bishop v. Indiana Technical Vocational College, 742 F.Supp. 524, 525 (N.D.Ind. 1990). The parties have not cited and this Court has been unable to find any Oklahoma state case law which discusses this doctrine. This Court must conclude, however, that Oklahoma would join the overwhelming number of jurisdictions which has rejected the doctrine as a cognizable legal claim.

When a breach of contract claim is asserted against an educational institution such as Vatterott in this case, care must be taken to insure that the contract claim is not simply a repackaged educational malpractice claim. Ross, 457 F.2d at 416. As the Ross court stated, "[t]o state a claim for breach of contract, the plaintiff must do more than simply allege that the education was not good enough. Instead, he must point to an identifiable contractual promise that the defendant failed to honor." Id. at 416-17.

When Plaintiffs contend that they could not obtain the employment that they believed they would as a result of the breach of the agreement with Vatterott, they are dangerously close to asserting a tort claim for educational malpractice. A similar case is found in Jamieson v. Vatterott Educational Center, Inc., 473 F.Supp. 2d 1153 (D. Kan. 2007). The Court in Jamieson agreed that an enrollment contract can give rise to a claim for breach of contract where it is alleged that the number of hours or weeks of instruction was not provided by the institution in violation of the contract. Id. at 1160. However, it rejected the idea that recovery for breach of contract can be premised upon the inability to obtain suitable employment as a result of an inadequate or poor education. Id. at 1161. As the Court recognized from the excellent discussion in the case of Finstad v. Washburn Univ. of Topeka, 845 P.2d 685 (Kan. 1993), "[e]ducation is an intensely collaborative process, requiring interaction of student with teacher. A good student can learn from a poor teacher; a poor student can close his mind to a good teacher. Without effort by a student, he cannot be educated . . . Both the process and the result are subjective, and proof or disproof extremely difficult." Id. at 692. To the extent Plaintiffs allege that they did not receive the contracted upon educational services from Vatterott, they have adequately stated a claim for breach of contract, subject to the amendment which this Court has already required. However,

8

to the extent they contend that they could not obtain employment based upon the breach or that the ultimate education they received was generally inadequate, the claim is not permitted.

With regard to the fraud claim against them, both Defendants contend Plaintiffs have failed to plead with particularity as to (1) the identity of the "other representatives" of Vatterott, apart from Sanders, who according to the Petition allegedly made fraudulent representations to them; (2) when the alleged representations were made; (3) where the statements were made; (4) how the representations were false; and (5) how Plaintiffs were damaged by the allegedly fraudulent representations.

Dismissal pursuant to Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity is considered from a review of the text of the Complaint, accepting as true all well-pleaded facts as distinguished from conclusory allegations. United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726 (10th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party. Id. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and [they] must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Id. at 726-27 (quotations omitted).

Plaintiffs must specifically set forth the identity of the parties making the allegedly fraudulent statements. They have identified Sanders but must identify all other persons making representations upon which they relied. The statements concerning the course of education being "felony friendly" must be set forth **for each individual named Plaintiff** in context of when it was said, to whom it was stated, where it was said, the specific representation made, and how each individual Plaintiff was damaged as a result of the representations made to them. Plaintiffs will be given a single opportunity to amend to plead with the required particularity.

IT IS THEREFORE ORDERED that Defendant Vatterott Educational Centers, Inc.'s Motion to Dismiss (Docket Entry #9) is hereby **GRANTED**, in part, in that to the extent that Plaintiffs' breach of contract claim seeks recovery for anything other than the failure to deliver the contractually promised hours of instruction, the claim is **DISMISSED WITH PREJUDICE**. The remainder of the Motion is **DENIED**.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Stephanie Sanders (Docket Entry #28) is hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiffs will be required to file an Amended Complaint providing further specific factual basis for the breach of contract and fraud claims as described herein by **APRIL 12, 2013**.

IT IS SO ORDERED this 28th day of March, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE