```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

| | |
|---|---|
| JOHNNY SPENCER; and ) <br> MICHAEL CHAMBERS, ) <br> individually and ) <br> on behalf of all others ) <br> similarly situated, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> VATTEROTT EDUCATIONAL ) <br> CENTERS, INC., a foreign for ) <br> profit business corporation; ) <br> and STEPHANIE SANDERS, ) <br> an individual, ) <br>   ) <br>   Defendants. ) | Case No. CIV-12-116-KEW |

## OPINION AND ORDER

This matter comes before the Court on Defendant Vatterott Educational Centers, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Docket Entry #44) and the Motion to Dismiss Amended Complaint filed by Defendant Stephanie Sanders (Docket Entry #43). This Court previously ruled upon motions to dismiss relating to Plaintiffs' original Petition which was filed on September 30, 2011 in the District Court in and for Wagoner County, Oklahoma and subsequently removed to this Court on March 13, 2012. In that ruling, Plaintiffs' claim for breach of contract was not dismissed, except to the extent Plaintiffs were seeking to recover for anything other than the failure to deliver the contractually promised hours of instruction. However, Plaintiffs were directed to file an Amended Complaint on the breach of contract claim and set forth the "nature of the agreement and how it is manifested."

*See* Opinion and Order, March 28, 2013 (Docket Entry #41).

With regard to the fraud claim also contained in Plaintiffs' original Petition, Plaintiffs' allegations were found lacking. As a result, they were afforded an opportunity to amend the Petition setting forth with particularity (1) the identity of the parties making the allegedly fraudulent statements; and (2) for each named Plaintiff, the context of when the "felony friendly" statement was said, to whom it was stated, where it was said, the specific representation made, and how each individual Plaintiff was damaged as a result of the representations made to them. Id.

On April 12, 2013, the two remaining Plaintiffs filed their Amended Complaint. Without belaboring the record with a complete recitation of the allegations in the new pleading, this Court will adopt the general nature of the action from the prior Opinion and Order and only reference the differences between the Petition and Amended Complaint and the adequacy of Plaintiffs' amendments.

On their breach of contract claim, Plaintiffs have added a paragraph which states as follows:

> Plaintiffs entered into an enrollment contract with Defendant Vatterott in the fall of 2009. Specifically, Plaintiff Spencer entered into an enrollment contract with Defendant Vatterott on or about September 23, 2009 and Plaintiff Chambers entered into an enrollment contract with Defendant Vatterott on or about October 12, 2009. The parties' agreement included, but was not limited to, the documents of enrollment and representations and promises made by Defendant Vatterott, both as made directly to Plaintiffs and as reflected in catalogues, bulletins, and circulars created by or for Defendant Vatterott, as well as regulations of Defendant

>  Vatterott.
> *Amended Complaint*, p. 2, ¶ 9.

As this Court previously noted, in order to assert a breach of contract claim under Oklahoma law, Plaintiffs must set forth sufficient facts to allege the following elements: (1) the formation of a contract; (2) a breach thereof; and (3) actual damages suffered from that breach. <u>Digital Design Group, Inc. v. Information Builders, Inc.</u>, 24 P.3d 834, 843 (Okla. 2001). To that end, Plaintiffs have now alleged a plausible claim for breach of contract by alleging a contract was formed from enrollment documents and various other publications to Plaintiffs by Vatterott. *See* <u>Ross v. Creighton University</u>, 957 F.2d 410, 416 (7th Cir. 1992) quoting <u>Zumbrun v. University of Southern California</u>, 101 Cal.Rptr. 499, 504 (1972)("in the United States that the 'basic legal relation between a student and a private university or college is contractual in nature. The catalogues, bulletins, circulars, and regulations of the institution made available to the matriculant become a part of the contract.'"). This Court previously stated Plaintiffs had alleged sufficient facts on the remaining two elements in the original Petition – facts carried through and repeated in the Amended Complaint. While it states Plaintiffs have still not adequately identified the "certain number of hours of instruction" promised, Vatterott demands a level of specificity in the initial pleading which is not required to state a plausible claim. Consequently, Plaintiffs'

3

breach of contract claim is considered plausible at this stage of the proceedings. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

Defendants also challenge the plausibility and level of particularity of the factual representations surrounding Plaintiffs' fraud claim contained in the Amended Complaint. They specifically contend the "failure to plead that the alleged fraud caused them damages or that the alleged representations were in fact false is, thus, fatal to [Plaintiffs'] fraud claim." On this claim, Plaintiffs modified and amended the factual statement as follows:

> representations were made to Plaintiffs, as well as potential class members, by Defendant Sanders and Vatterott employee Cassie Milligan, that these industries for which training was obtained through the college were "felony friendly", and that prior felony conviction(s) would not hinder there (sic) ability in any way to become employed subsequent to graduation from the program(s). These representations were made to Plaintiff Spencer by Sanders and Milligan at Vatterott's Tulsa campus immediately prior to his enrollment in September of 2009 and during his new student orientation in September of 2009. These representations were made to Plaintiff Chambers by Defendant Sanders at Vatterott's Tulsa campus immediately prior to his enrollment in October of 2009.

*Amended Complaint*, p. 3, ¶ 14.

Additionally, Cassie Milligan's name was added to all of the allegations surrounding representations made to Plaintiffs' at the time of their enrollment.

Fed. R. Civ. P. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

4

stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."  The Tenth Circuit has held that Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind.  Seattle-First Nat'l Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir. 1986).

As this Court noted in its prior Opinion and Order, the requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be "simple, concise, and direct, . . . and to be construed as to do substantial justice."  Fed. R. Civ. P. 8(e), (f).  The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ."  Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992) (citation omitted).  A complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  Lawrence Nat'l Bank v. Edmonds, 924 F.2d 176, 180 (10th Cir. 1991).

In this case, Plaintiffs have set forth the time of the alleged statements (September and October of 2009, immediately prior to enrollment and during new student orientation); the place of the false representation (Vatterott's Tulsa campus); the identity of the part[ies] making the allegedly false statements

(Sanders and Milligan); and the consequences thereof (enrollment in Vatterott's identified programs). Plaintiffs have minimally satisfied the requirement to set forth the 'who, what, when, where and how' of the alleged fraud. United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 726 (10th Cir. 2006). The representations are sufficient to place Defendants on notice of the allegations of fraud asserted against them. Any further examination of the sufficiency of the allegations would require an analysis of the evidence Plaintiffs possess to support their allegations - an analysis reserved for the more complete presentation on summary judgment rather than during the dismissal stage.

Vatterott also challenges Plaintiffs' assertion of a claim for punitive damages associated with their breach of contract claim.[1] While recognizing that punitive damages are generally not available for breach of a contract, Plaintiffs contend they may pursue the claim as the breach of contract arises from Defendants' fraud.

In the Amended Complaint, Plaintiffs only allege that their claim for punitive damages arises in connection with their claim for breach of contract. *Amended Complaint*, p. 7, ¶ 40. Oklahoma law recognizes that a claim for punitive damages must be plead as

---

[1] Plaintiffs originally filed a claim for attorneys' fees in connection with their breach of contract claim. Vatterott sought dismissal of this claim in its second dismissal motion. However, Plaintiffs dismissed this claim as reflected in the Notice filed on May 9, 2013.

a part of an underlying claim for a breach of an obligation not arising from contract.  McGivern, Gilliard & Curthoys v. Chartis Claims, Inc., 2012 WL 2917336, at 2 (N.D. Okla.)(citation omitted); Okla. Stat. tit. 23 § 9.1.  Contrary to Plaintiffs' assertion in their response, Plaintiffs have not plead fraud in connection with the breach of contract as a basis for relief nor have they plead punitive damages in connection with their fraud claim.  As such is the case from the face of the Amended Complaint, it is a legal impossibility for Plaintiffs to recover punitive damages in this case as plead and, therefore, Vatterott is entitled to the dismissal of punitive damages as an element of damages which Plaintiffs may seek to recover in this case.

IT IS THEREFORE ORDERED that Defendant Vatterott Educational Centers, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Docket Entry #44) is hereby **GRANTED** as to Plaintiffs' claim for punitive damages.  The Motion is **DENIED** in all other respects.

IT IS FURTHER ORDERED that the Motion to Dismiss Amended Complaint filed by Defendant Stephanie Sanders (Docket Entry #43) is hereby **DENIED**.

IT IS SO ORDERED this 31st day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE